UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT LEWIS BENNINGTON,<br>    Petitioner, | Case No. 1:14-cv-972 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, HOCKING<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2254 is before the Court on respondent's motion to dismiss for lack of jurisdiction and, alternatively, as time-barred (Doc. 12). For the reasons stated below, it is recommended that the motion be granted.

In the petition, petitioner challenges his February 2011 conviction and sentence in the Adams County, Ohio Court of Common Pleas. (Doc. 9). On February 15, 2011, following a jury trial, petitioner was found guilty of menacing by stalking and violation of a protective order. (Doc. 11, Ex. 3). On May 3, 2011, petitioner received a total aggregate sentence of fifteen months of incarceration in the Ohio Department of Corrections. (Doc. 11, Ex. 4).

On May 6, 2012, petitioner completed his prison sentence and was released from the Ohio Department of Corrections. Petitioner was not subject to post-release control upon release. (Doc. 11, Ex. 36; Doc. 9, PageID 109). Petitioner filed the instant petition roughly 30 months later, in December 2014. (*See* Doc. 1).

28 U.S.C. § 2254(a) provides that district courts have jurisdiction to entertain petitions for habeas relief "only from persons who are *in custody* in violation of the Constitution or law or treaties of the United States." *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (emphasis in original) (internal citation and quotation marks omitted). "[T]he habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* (citing *Carafas*

*v. Lavallee,* 391 U.S. 234, 238 (1968)). Except in limited situations not applicable to the case-at-hand, the custody requirement is not met if the petitioner files his habeas petition after the sentence imposed for the challenged conviction has "fully expired." *See id.* at 493–94; *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001); *Steverson v. Simmers,* 258 F.3d 520, 522–25 (6th Cir. 2001). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction," such as the inability to vote, engage in certain businesses, hold public office or serve as a juror, "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Maleng,* 490 U.S. at 492. *See also White v. Kapture,* 42 F. App'x 672, 673–74 (6th Cir. 2002). Furthermore, the "in custody" requirement is not satisfied "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [an individual] is convicted." *Maleng,* 490 U.S. at 492.

In this case, the Court lacks jurisdiction to consider the habeas corpus petition because petitioner was not in custody when he filed his petition.[1] As noted above, petitioner fully served his sentence on May 6, 2012 and was not subject to supervised release or probation based on his 2011 Adams County convictions upon release. Petitioner therefore was no longer "in custody" based on the challenged conviction and the Court lacks jurisdiction over the petition. *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original).[2] *See also Bennington v. Dewine*, No. 1:14-cv-688,

---

[1] Petitioner contends that he meets the custody requirement because he was incarcerated when he filed a January 1, 2011 post-conviction petition in the state courts (*see* Doc. 13 at PageID 948), however petitioner was released prior to filing his federal habeas corpus petition.

[2] The undersigned's opinion is not altered by petitioner's reliance on *St. Pierre v. United States,* 319 U.S. 41 (1943) and *Sibron v. New York*, 392 U.S. 40 (1968), as these cases did not involve the federal habeas corpus statute's "in custody" requirement. Instead these cases considered the mootness of writs of certiorari to the Supreme Court.

2015 WL 1914318, at *5 (S.D. Ohio Apr. 27, 2015) (M.J. Litkovitz), *adopted* 2015 WL 2452623 (S.D. Ohio May 21, 2015) (Dlott, J) (finding that petitioner's prior filed civil rights complaint should not be construed as a habeas corpus petition because the Court would not have jurisdiction over the petition because petitioner is no longer in custody).

Accordingly, the undersigned concludes that the Court does not have jurisdiction over the petition and that respondent's motion to dismiss (Doc. 12) should be **GRANTED**.

**IT IS SO RECOMMENDED.**

  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

*See Hough v. State*, No. 2:13-cv-487, 2015 WL 128705, at *4 (D. Nevada Jan 9, 2015) ("*St. Pierre* and *Sibron* are not habeas cases: they considered whether petitions for writ of certiorari were moot and not the federal habeas "in custody" requirement.").

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT LEWIS BENNINGTON,  Case No. 1:14-cv-972
    Petitioner,

                                       Black, J.
    vs.                                 Bowman, M.J.

WARDEN, HOCKING
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).